IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                               No. 18-cr-1392-WJ

JOSEPH TSETHLIKAI,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## UNITED STATES' MOTION FOR A PROTECTIVE ORDER

THIS MATTER comes before the Court on the United States' Motion for a Protective Order (**Doc. 20**, filed 5/17/18). For the following reasons, the Government's Motion is **GRANTED IN PART**, to the extent that defense counsel shall destroy or return Jane Doe's medical records, S.A.N.E. photographs, and S.A.N.E. reports to the Government within sixty days of the conclusion of this case, which extends to sixty days after the conclusion of a direct appeal or the expiration of the timeframe to file such an appeal. The Government's Motion is otherwise **DENIED IN PART** to the extent that Defendant is not required to destroy or return the confidential audio and visual materials within the described timeframe, and furthermore, the Government is ordered to redact the personally identifiable information from the audio and visual materials before disclosing them.

### BACKGROUND

Joseph Tsethlikai ("Defendant") is charged with one count of aggravated sexual abuse by force and threat, in violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2)(C); one count of assault of an intimate partner by strangling and suffocating, in violation of 18 U.S.C. §§ 1153 and

113(a)(8); and one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. 15. The United States has filed the present motion to impose certain restrictions in a protective order for discovery materials pursuant to Federal Rule of Criminal Procedure 16(d). Doc. 20. While the parties agree on almost all of the proposed limitations, Defendant specifically objects to the provision that within sixty days after the conclusion of this case,[1] defense counsel shall be required to destroy or return "the confidential material" that defense counsel received from the Government. Doc. 23. The parties agree that there are three types of "confidential material" at issue.[2] Doc. 20, ¶ 3. First, there are medical records of the victim ("Jane Doe"), which contain sensitive information. Second, there are photographs of the victim that were taken by a Sexual Assault Nurse Examiner ("S.A.N.E.") and the S.A.N.E. report. Third, there are video and audio recordings that contain personally identifiable information, such as names, dates of birth, addresses, and social security numbers, of the victim and a cooperating witness. The Court finds that the Government has shown good cause to impose the disputed limitation on the retention of the victim's medical records, including the S.A.N.E. photographs and report, after the conclusion of Defendant's case, subject to the timeframe detailed below. The Government has failed to show good cause, however, for why redaction of the audio and video footage is an unfeasible burden in this instance.

## DISCUSSION

The United States Supreme Court has stated that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted

---

[1] The United States describes this timeframe as "including the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, as well as any collateral review, . . . ." Doc. 20, ¶ 12(d).

[2] The Government advises that it has now provided a complete version of Defendant's interview to defense counsel, so the disclosure of Defendant's interview is no longer an issue under this Motion. Doc. 24, ¶ 4 n.2.

2

disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969) (citing Fed. R. Crim. P. 16). Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The party moving for the protective order bears the burden of establishing good cause. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). Typically, a party can show good cause when it demonstrates that disclosure of the materials will cause a specific and significant harm that outweighs the opposing party's interest. *See, e.g.*, *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (stating good cause exists when a party will receive a "clearly defined, specific, and serious injury"). The Advisory Committee commentary to Rule 16 provides that the court should consider "the safety of witnesses and others." Fed. R. Crim. P. 16(d)(1) cmt. ("[I]t is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.").

The Government provides three reasons for its proposed restriction. Doc. 24, ¶ 10. First, it argues that this restriction will reduce the risk of accidental disclosure of personal information of the victim and the witness, whether through mistake in record keeping or through otherwise misplaced materials. Second, it "protects the privacy and the dignity of the victim by ensuring Defendant does not have access to her medical records, SANE reports and SANE photographs longer than necessary." *Id.* Finally, this proposed limitation will protect the personally identifiable information of the witness, who was reluctant to cooperate due to fear of retribution by Defendant. *Id.*

Defense counsel objects on the grounds that the Government has failed to show good cause for the disputed restriction, and specifically "how the dignity and privacy of anyone is

inadequately protected by the issuance of a protective order that prohibits dissemination of the PII." Doc. 23, ¶ 10. Defendant maintains that "[t]here is no reason to think that any of these individuals are in danger, that their safety is threatened, or that their privacy rights are impinged, if the defense attorney were to retain this information in the normal course of the Federal Public Defender's file retention policies." *Id.* ¶ 12.

## I.     Medical records, S.A.N.E. photographs, and S.A.N.E. reports

Regarding the victim's medical records, including the Sexual Assault Nurse Examiner ("S.A.N.E.") photographs and reports, the Court agrees with the Government that Jane Doe has the right to ensure that these personal materials do not remain indefinitely accessible to Defendant or others outside of her control for longer than necessary. While the Court does not question the ability of the Federal Public Defender's Office to secure files from accidental disclosure, the distinct issue is the indefinite retention of Jane Doe's medical records after the conclusion of Defendant's case. Because "client files belong to the client[,]" *In re Grand Jury Proceedings*, 727 F.2d 941, 944 (10th Cir. 1984), the retention of these medical records in counsel's file for an unspecified time would allow Defendant to possess and access them upon receipt of his file.

In the Tenth Circuit, "[t]here is no dispute that confidential medical information is entitled to constitutional privacy protection." *A.L.A. v. W. Valley City*, 26 F.3d 989, 990 (10th Cir. 1994). The Circuit has readily and repeatedly acknowledged that "medical records, which may contain *intimate facts of a personal nature*, are well within the ambit of materials entitled to privacy protection, . . . ." *Ortlieb v. Howery*, 74 F. App'x 853, 856 (10th Cir. 2003) (quoting *Lankford v. City of Hobart*, 27 F.3d 477, 479 (10th Cir. 1994)); *Livsey v. Salt Lake Cty.*, 275 F.3d 952, 956 (10th Cir. 2001) ("[A]n individual's expectation of privacy for constitutional

purposes is legitimate only if the information is highly personal or intimate." (citation and quotation marks omitted)). Furthermore, the Crime Victims' Rights Act requires that victims are treated with fairness, and with respect for their dignity and privacy, 18 U.S.C. § 3771(a)(8), which are interests also at stake in the disclosure of Jane Doe's medical records.

Particularly considering the nature of the S.A.N.E. report, which may contain details of the alleged sexual assault, test results, and photographs of injuries,[3] these materials fall within Jane Doe's right to privacy over her own medical records containing "intimate facts of a personal nature." *Lankford*, 27 F.3d at 479. While the parties agree that the Government is required to disclose these materials to Defendant, the constitutional right to privacy that accompanies medical records does not disappear just because Defendant is entitled to review them for his defense. Defendant's assertion that "[a]s an intimate and dating partner of Jane Doe, Mr. Tsethlaki is already aware of a lot of intimate information," Doc. 23, ¶ 10, entirely misses the point of the issue. Additionally, while the Health Insurance Portability and Accountability Act ("HIPPA") limitations in civil cases are not binding on the parties in this instance, the Court does note that the proposed restriction tracks the parallel requirement of "destroy or return" under HIPPA. *See* 45 C.F.R. § 164.512(e). For these reasons, the Court finds that Jane Doe's interest in protecting her own medical information constitutes good cause to impose this reasonable limitation on the retention of her medical records in Defendant's case file.

Furthermore, the Court is satisfied that this restriction will not prejudice Defendant during the course of litigation, a direct appeal, or a collateral attack. First, the Court addresses defense counsel's concern about ambiguity in the Government's representation that "[t]he proposed protective order allows Defendant to keep copies of the confidential material through

---

[3] The Court has not reviewed the medical records at issue here, but it is fair for the Court to infer that this S.A.N.E. report and its contents are similar to others the Court has reviewed.

the conclusion of this case, *including the period for timely filing a habeas corpus petition*." Doc. 24, ¶ 8. As Defendant points out, the expiration of the deadline for collateral review may be an ongoing and ever-changing process, as the "one year" limitation for habeas corpus petitions may begin and end at various times. As such, the Court clarifies that the <u>deadline for returning or destroying the confidential materials will be sixty days after the conclusion of this case, which extends to sixty days after the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, with no consideration to the filing limitations for a collateral attack.</u> Should Defendant wish to seek collateral review of any potential conviction, or "[s]hould, as Defendant fears, a change in law or the discovery of new evidence provide grounds for filing a habeas petition after the confidential material has been destroyed, Defendant is free to request new copies of the confidential material from the government for use in habeas corpus proceedings." *Id.* Thus, any concerns the Court could have about Defendant's ability to access these materials for a later collateral attack are assuaged by the Government's representation that "[t]he proposed protective order does not contemplate the government's destruction of confidential material and does not, therefore, impair Defendant's ability to fully and fairly litigate any habeas petitions." *Id.*

## II.     Audio and visual recordings with personally identifiable information

The United States asserts that the personally identifiable information in the audio and visual recordings has significant privacy implications and cannot be left indefinitely in its current state in defense counsel's file, which could be accessible to Defendant or others under uncertain circumstances in the future. The Court agrees that the victim and witnesses have the right to ensure that their personally identifiable information, including their birthdates, social security numbers, and addresses, are not subject to indefinite retention or distribution by Defendant or

others outside of their control. Furthermore, the Government maintains that the witness in this matter has expressed "fear of retribution" by Defendant, although the Government offers no details. Doc. 24, ¶ 12.

The Government asserts that the proposed limitation is the only way to protect the personally identifiable information of the victim and witness because manual redaction of these materials is too heavy a burden. Doc. 24, ¶ 7. The Government claims the redaction of these materials will take four to five times the length of the recordings, but the Government fails to provide any details of how much time that would actually take. Doc. 24, ¶ 6. The Court cannot find, therefore, that redaction is too heavy of a burden on the Government without more information about why this burden is unmanageable. Contrary to the Government's assertion that "[i]f the Court adopts Defendant's reasoning, the government would be required to redact personally identifiable information from hours of recordings in numerous cases," Doc. 24, ¶ 7, this ruling does not extend past the facts of this case. Most importantly, regarding any fear or anxiety from the victim or witness about Defendant obtaining their personally identifiable information, redaction of the material should better serve them than the "destroy or return" limitation because their personally identifiable information will be protected from the time the materials are disclosed to defense counsel.

## CONCLUSION

Notably, Defendant does not object to the terms in sections (a)–(c) below, which have been provided by the Government. Accordingly, the Court enters the following protective order pursuant to Fed. R. Crim. P. 16(d) regarding discovery in this case:

7

A. Medical records of the victim, S.A.N.E. photographs of the victim, the S.A.N.E. report, and videos and audio recordings with personally identifying information (collectively "confidential materials") received by Defendant (through that defendant's attorney) from the United States shall not be shown or otherwise provided or disclosed to individuals other than:

    i. Defendant;

    ii. Defendant's attorney of record;

    iii. employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of this action;

    iv. witnesses and their counsel and potential witnesses and their counsel; and,

    v. experts or consultants who are assisting in this action.

    Individuals to whom confidential material is shown or otherwise provided must be provided with a copy of this protective order, and agree to be bound by its terms prior to being shown or otherwise provided with any material.

B. Defendant shall not be allowed to retain the confidential material during the course of the litigation (although Defendant is entitled to review the materials with his counsel or other members of his defense team).

C. The confidential material received by Defendant shall be used solely for the purposes of this action. Nothing in this protective order limits Defendant or the United States from disclosing material in this or related judicial proceedings, including in motions, at hearings, at trial, or in an appeal; however, if any confidential material is to be attached to pleadings or filed in such a manner that such confidential material is potentially accessible as a public record, then such confidential material shall be filed under seal.

D. Within 60 days after the conclusion of this case, including the conclusion of any direct appeal or the expiration of the time limit within which to file such an appeal, defense counsel shall return to the United States or notify the United States that it has destroyed the victim's medical records, S.A.N.E. photographs, and S.A.N.E. reports that counsel received from the United States during this matter.

    **IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE